IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| SANTHONY THIGPEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. _____ |
| v. | ) | |
| | ) | |
| COUNTY OF ERIE; TIMOTHY | ) | |
| HOWARD, ERIE COUNTY SHERIFF, | ) | **JURY TRIAL DEMANDED** |
| in his Individual capacity; ROBERT | ) | |
| KOCH, SUPERINTENDENT OF ERIE | ) | |
| COUNTY HOLDING CENTER, in his | ) | |
| Individual capacity; SERGEANT | ) | |
| ROBERT DEE; JOSEPH GANCI; | ) | |
| CHRISTOPHER HALL; JOSEPH | ) | |
| SCHERER; JOSEPH OROSZI; ONE OR | ) | |
| MORE JOHN DOES, | ) | |

Defendants.

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff Santhony Thigpen, by his undersigned counsel, alleges, on knowledge as
to himself and on information and belief as to all other matters, as follows:

### Introduction

1.      This is an action brought to redress the deprivation by Defendants of rights
secured to Plaintiff by the United States Constitution, federal statute, and the laws of the State of
New York.  While detained at the Erie County Holding Center, in the custody of the Erie County
Sheriff, the Plaintiff suffered a severe beating at the hands of Defendant Sergeant Robert Dee
and various Erie County Deputy Sheriffs, Defendants Joseph Ganci, Christopher Hall, Joseph
Scherer, Joseph Oroszi, and One or More John Does.  This beating violated Plaintiff's right
under the Eighth and Fourteenth Amendments to the United States Constitution and the laws of

the State of New York to be free from the use of excessive force.  Defendant County of Erie

violated Plaintiff's rights under the Eighth and Fourteenth Amendments through its deliberate

indifference to violence inflicted on plaintiff and other detainees by deputy sheriffs while in the

custody of the Sheriff of Erie County, and in particular, through the County's custom or practice

of overlooking, ignoring, and disregarding acts of violence upon inmates in the custody of the

Sheriff of Erie County.  The County and Defendants Howard and Koch also violated Plaintiff's

rights under the Eighth and Fourteenth Amendments through its failure to train, supervise, direct

or control deputy sheriffs in the performance of their duties.

      2.     Plaintiff also asserts claims of common-law negligence against Defendants

County of Erie, Howard, Koch, and Dee for their negligent failure to train and supervise their

employees, Defendants Joseph Ganci, Christopher Hall, Joseph Scherer, Joseph Oroszi, and One

or More John Does.

**Jurisdiction and Venue**

      3.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and

1341 because it seeks compensatory and punitive damages for the deprivation under color of

state law of rights of citizens of the United States secured by the United States Constitution and

federal law pursuant to 42 U.S.C. § 1983.

      4.     The Court has supplemental jurisdiction over claims brought under New

York law pursuant to 28 U.S.C. § 1367.  A notice of claim was served on the County of Erie

pursuant to N.Y. General Municipal Law § 50-e, upon which the County of Erie subsequently

held a hearing pursuant to N.Y. General Municipal Law § 50-h.  More than thirty days have

passed since this hearing without resolution of Plaintiff's claims against the County of Erie.

5.      Venue is proper under 28 U.S.C. § 1391(e)(2) because the events giving rise to the Plaintiff's claims occurred in this judicial district.

**Parties**

6.      Plaintiff Santhony Thigpen is a citizen of the United States and currently resides in Erie County.  At all times relevant to this action, Plaintiff was incarcerated and in the custody of the office of the Sheriff of Erie County, an agency of Defendant County of Erie.

7.      At all times relevant to this action, Defendant County of Erie ("Erie County") has been a governmental subdivision created under the laws of the State of New York, which is responsible for the management and operations of the Erie County Holding Center ("ECHC").

8.      At all times relevant to this action, Defendant Timothy B. Howard has been the Sheriff of Erie County, acting under color of state law.  Sheriff Howard is and has been responsible for the overall management and control of the County jails, including ECHC; for the establishment, administration and implementation of policies and procedures affecting inmates of the jails; and for all matters relating to the selection, supervision, promotion, training and discipline of uniformed staff.  Sheriff Howard is sued in his individual capacity.

9.      At all times relevant to this action, Defendant Robert Koch has been the duly appointed and acting Superintendent of ECHC, acting under color of state law. Superintendent Koch is and has been responsible for the Administration, Security, and Programs of that facility; for the establishment, administration and implementation of policies and procedures affecting inmates of ECHC; for all matters relating to the assignment, supervision, oversight and discipline of the uniformed staff assigned to ECHC; and for the care, custody, and

control of all inmates housed or held in the ECHC.  Superintendent Koch is sued in his individual capacity.

10.     At all times relevant to this action, Defendant Robert Dee was the direct supervisor of Defendants Joseph Ganci, Christopher Hall, Joseph Scherer, Joseph Oroszi, and One or More John Does, and was acting under color of state law. Dee is sued in his individual capacity.

11.     At all times relevant to this action, Defendants Joseph Ganci, Christopher Hall, Joseph Scherer, Joseph Oroszi, and One or More John Does were Erie County Deputy Sheriffs, acting under color of state law, in the course and scope of their duties, functions and employment and as agents, servants, and/or employees of the office of the Erie County Sheriff, stationed and working at ECHC.  They are sued in their individual capacities.  The identity of the persons sued as "John Doe" are not yet known, and this complaint will be amended to add their real names when they are known.

## Factual Allegations

12.     On or about March 6, 2010, Plaintiff was in the physical custody of the Erie County Sheriff, Defendant Howard, and his acting representatives.

13.     On or about March 6, 2010, Plaintiff was a detainee at the Erie County Holding Center.

14.     On or about March 6, 2010, Plaintiff went to the visiting room at ECHC to attend a visit with his fiancé.

15.     A Deputy directed Plaintiff to a visit booth at which Plaintiff sat to await the arrival of his visitor.

16.     Plaintiff saw another inmate that he knew also waiting for a visit and spoke to that inmate.

17.     A Deputy then approached Plaintiff and informed him that speaking to another inmate violated the visiting-room rules, and directed him to leave the visiting room.  In accord with this direction, Plaintiff began walking towards the visiting room waiting area, also called the "sally port."

18.     On the way out of the visiting room, Plaintiff, upset at losing his visit, pushed a box of latex gloves off of a table.

19.     In response, two or more Deputies, among whom were Defendants Ganci and Scherer, stood up from where they had been sitting and began moving rapidly towards Plaintiff.

20.     In fear, Plaintiff threw himself face down onto the floor of the sally port.

21.     The two Deputies then grabbed Plaintiff and began to jump on him and hit him with their fists and knees.

22.     While Defendants Ganci and Scherer were thus assaulting Plaintiff, Defendant Sergeant Dee and a response team including other Deputies, among whom were Defendants Hall and Oroszi and others who are among the One or More John Does arrived, and the latter defendants joined in the assault, jumping on Plaintiff and hitting Plaintiff with their fists and knees, while Defendant Dee supervised and approved.

23.     While Plaintiff was on the floor, one of the defendant Deputies present cuffed Plaintiff's hands behind his back, after which the assault continued.

24.     Defendant Dee and several defendant Deputies, which included Defendants Hall, Oroszi, and defendants who are among the One or More John Does, took

Plaintiff through the visitor waiting room into the hall, where they entered an elevator.  While in the elevator, one of defendant Deputies present stomped on Plaintiff's left foot and pushed his face into the corner of the elevator.

25.   The defendant Deputies took Plaintiff off the elevator and dragged him to a steel bench located outside the nursing room, where sick call is conducted.  The defendant Deputies threw Plaintiff against a brick wall, causing his head to hit the wall.

26.   The defendant Deputies then forced Plaintiff to kneel on the steel bench with his head against the brick wall.  One defendant Deputy slammed Plaintiff's knees and shins into the steel bench, causing Plaintiff great pain.

27.   After several minutes, the defendant Deputies picked Plaintiff up and placed him on an examination table in the nursing room.

28.   During the aforementioned events, one or more of the defendant Deputies present threatened Plaintiff with various further harms, including beating and death.

29.   Following a cursory examination by a nurse, the defendant Deputies returned Plaintiff to his cell.

30.   The aforementioned beating of Plaintiff by the defendant Deputies caused injuries to Plaintiff including but not limited to cuts to his face, bruises to his legs, a chipped tooth, and lower back pain.

31.   The aforementioned beating and accompanying verbal threats to Plaintiff's life caused Plaintiff severe psychological and emotional trauma, such that Plaintiff attempted suicide later that day by hanging himself with his clothing.

32.     Plaintiff was brought to Erie County Medical Center on an emergency basis that evening, after the suicide attempt, and arrived at approximately 8:27pm.   He was examined and returned to ECHC at approximately 12:15am on March 7, 2010.

### As and for a First Cause of Action

### (Municipal Liability under 42 U.S.C. § 1983:  County of Erie)

33.     Mr. Thigpen repeats and realleges paragraphs 1 through 32 of his Complaint as though fully set forth in this paragraph.

34.     At all times relevant, Defendants Dee, Ganci, Scherer, Hall, Oroszi, and One or More John Does were in their Sheriff's uniforms, and while on duty were acting under the color of state law and did cause the deprivation of Plaintiff s constitutional rights by beating him as previously described.

35.     Upon information and belief, it is the policy or custom of Defendant Erie County and the office of the Erie County Sheriff to fail to train and supervise their deputies in the use of force against detainees in the custody of the Sheriff.

36.     Upon information and belief, it was and is the policy or custom of Defendant Erie County to overlook, excuse, or disregard random and unprovoked acts of violence by deputy sheriffs upon detainees in the custody of the Sheriff.

37.     Upon information and belief, by overlooking, excusing, or disregarding the wrongful conduct of deputy sheriffs, including but not limited to that of Defendants Ganci, Scherer, Hall, Oroszi, and One or More John Does, Defendant Erie County has adopted a written or unwritten rule, or Defendant Erie County has established a policy or custom of deliberate indifference to unlawful conduct such as complained of in this Complaint.

38.    At the time Plaintiff was assaulted, Defendant Erie County knew that inmates in the custody of the Sheriff were regularly subjected to inappropriate, excessive, and degrading uses of physical force.  More particularly, the United States Department of Justice memorialized in its July, 2009, letter to Defendant Erie County that:

a.  Inmates in ECHC were being taken on "elevator rides" during which deputies physically assault inmates, and slam their heads against elevator walls, while handcuffed.

b.  In August 2008, an ECHC inmate was handcuffed, stripped, and cavity searched by a deputy who then uses the same rubber gloves to search other inmates.  When one inmate requested that the deputy change his gloves, which were dirty with blood and feces, the deputy struck the inmate on the head and forcibly performed the search, stating that he "did not have to do a damn thing."

c.  In 2008, Erie County Sheriff's Deputies ordered other inmates to go into the cell of an inmate who refused to shower, pull the inmate out of his cell, strip him and wash him on the floor of the common pod area with rags and a bucket of water.

d.  In January of 2008, Erie County Sheriff's Deputies targeted inmates who were screaming to observe the New Year.  The deputies punched, kicked, and tied a sheet around one inmate's neck, and threatened to hang him. The inmate was then shackled and taken to an isolation cell, where deputies continued to punch and kick him.

e.  In August of 2007, during the booking process, deputy sheriffs struck a pregnant inmate in the face, threw her to the ground, and kneed her in the side of her stomach. When she informed deputies that she was pregnant, the deputies replied

that they thought she was fat, not pregnant. The inmate lost her two front teeth as a result of the assault.

f.   An inmate at the Erie County Correctional Facility died of a stroke in March of 2007, not long after suffering a brain injury when sheriff deputies smashed his head against a wall. The inmate requested medical help following the incident but was ignored despite noticeable signs of injury, such as dragging his foot when walking and continually dropping things.

g.   In April of 2006, an inmate in ECHC was knocked unconscious and sustained a collapsed lung, fractured ribs, and a damaged spleen (resulting in its removal) as a result of a beating by Erie County Sheriff's Deputies.  The incident arose from the inmate's attempt to air out his cell from the odor of other inmates' defecation and vomit.

h.   In January 2010, an Erie County Deputy Sergeant assigned to ECHC ordered an inmate to choose one deputy sheriff to deliver a punch to the inmate's stomach. Under duress, the inmate complied and a deputy delivered the blow.

39.    Upon information and belief, there are established policies and customs, which fail to adequately supervise and train deputy sheriffs in their dealings with inmates in the custody of the Sheriff, such that the failure to supervise and train rises to the level of deliberate indifference. For example, according to the findings of the United States Department of Justice memorialized in its July, 2009 letter to Defendant Erie County:

a.   The Erie County Holding Center provides its deputy sheriffs with no operational guidance on the use of force;

b.   The Erie County Holding Center has no system in place to monitor the use of force;

c.   The Erie County Holding Center has no policy governing the assembly of the Response Team, which is used on an emergency basis to quell inmate disturbances.

40.   Defendant Erie County's failure to take measures to train and supervise deputy sheriffs in the use of force, and to curb assaults on inmates in the custody of the Erie County Sheriff was a proximate cause of the constitutional violations alleged in this complaint.

**As and for a Second Cause of Action**

**(Common-Law Negligent Supervision:  County of Erie; Sheriff Timothy Howard; Superintendent Robert Koch; Sergeant Robert Dee)**

41.   Mr. Thigpen repeats and realleges paragraphs 1 through 40 of his Complaint as though fully set forth in this paragraph.

42.   The defendants had a duty to supervise Defendants Ganci, Scherer, Hall, Oroszi, and One or More John Does in their contact with inmates who were in the care, custody and control of the Sheriff, including plaintiff.

43.   The defendants breached their duty by not adequately supervising Defendants Ganci, Scherer, Hall, Oroszi, and One or More John Does.

44.   As a proximate result of defendants' breach of duty, Plaintiff sustained injures to his face, head, legs, and teeth, as well as mental anguish.

45.   Erie County's, Howard's, Koch's, and Dee's breach of their supervisory duty to the plaintiff was a proximate cause of the injuries and loss suffered by plaintiff.

46.     Erie County's, Howard's, Koch's, and Dee's actions and omissions were willful and wanton behavior, with complete and gross disregard for the plaintiff's rights, safety and well-being.

### As and for a Third Cause of Action

**(Common-Law Negligent Training:  County of Erie; Sheriff Timothy Howard; Superintendent Robert Koch; Sergeant Robert Dee)**

47.     Mr. Thigpen repeats and realleges paragraphs 1 through 46 of his Complaint as though fully set forth in this paragraph.

48.     The defendants had a duty to train Defendants Ganci, Scherer, Hall, Oroszi, and One or More John Does in the use of force in their contact with inmates in the care, custody and control of the Sheriff, including plaintiff.

49.     The defendants breached their duty to train Defendants Ganci, Scherer, Hall, Oroszi, and One or More John Does in their use of force.

50.     As a result of the defendants' breach of duty, Plaintiff sustained injures to his face, head, legs, and teeth, and mental anguish.

51.     The defendants' breach of duty to train Defendants Ganci, Scherer, Hall, Oroszi, and One or More John Does was a proximate cause of the injuries and loss suffered by Plaintiff.

52.     The defendants' actions and omissions were willful and wanton behavior, with complete and gross disregard for Plaintiff's rights, safety and well-being.

## As and for a Fourth Cause of Action

**(Excessive Force under 42 U.S.C. § 1983:  Sergeant Robert Dee; Joseph Ganci; Joseph Scherer; Christopher Hall; Joseph Oroszi; One or More John Does)**

53.    Mr. Thigpen repeats and realleges paragraphs 1 through 52 of his Complaint as though fully set forth in this paragraph.

54.    Plaintiff had a constitutional right to be free from the unreasonable, excessive, malicious, and sadistic use of force, assault, battery, and cruel and unusual punishment, on his person, even during a period of lawful detention and even in the custody of Defendant County of Erie and its Sheriff.

55.    The severe beating and assault upon a passive and non-confrontational person is totally without legal justification and, upon information and belief, is contrary to the rules and procedures of Defendant County of Erie and its Sheriff.

56.    The laws of New York against assault, menacing, and reckless endangerment prohibit actions such as those undertaken by Defendants Dee, Ganci, Scherer, Hall, Oroszi, and One or More John Does.

57.    The punching, kicking, and injuring of Plaintiff by Defendants Dee, Ganci, Scherer, Hall, Oroszi, and One or More John Does was excessive, unreasonable, and unjustifiable under the circumstances, malicious and sadistic, and done for the purpose of causing harm to Plaintiff, and subjected Plaintiff to a deprivation of rights and privileges secured to him by the Constitution and laws of the United States, including the Eighth and Fourteenth Amendments of the United States Constitution, within the meaning of 42 U.S.C. § 1983.

58.    As a direct and proximate result of the unconstitutional acts of Defendants Dee, Ganci, Scherer, Hall, Oroszi, and One or More John Does, Plaintiff suffered extreme emotional distress, physical injury, psychological distress, and humiliation.

## As and for a Fifth Cause of Action

**(Common-Law Assault and Battery:  County of Erie; Sergeant Robert Dee; Joseph Ganci; Joseph Scherer; Christopher Hall; Joseph Oroszi; One or More John Does)**

59.     Mr. Thigpen repeats and realleges paragraphs 1 through 58 of his Complaint as though fully set forth in this paragraph.

60.     The conduct of Defendants Dee, Ganci, Scherer, Hall, Oroszi, and One or More John Does in beating and striking Plaintiff deprived him of his rights under the laws of the state of New York to be free from assault and battery, for which these defendants as well as Defendant County of Erie are liable.

61.     As a direct and proximate result of the illegal acts of Defendants Dee, Ganci, Scherer, Hall, Oroszi, and One or More John Does, Plaintiff suffered extreme emotional distress, physical injury, psychological distress, and humiliation.

## Demand for Punitive Damages

62.     The actions of Defendants Dee, Ganci, Scherer, Hall, Oroszi, and One or More John Does were extreme and outrageous, and shock the conscience of a reasonable person. Consequently, an award of punitive damages is appropriate to punish Defendants Dee, Ganci, Scherer, Hall, Oroszi, and One or More John Does for their cruel and uncivilized conduct.

## Jury Trial Demanded

63.     Mr. Thigpen demands a trial by jury on all issues so triable.

## Prayer for Relief

WHEREFORE, Plaintiff Santhony Thigpen respectfully demands that the Court enter judgment against Defendants for:

A.     Compensatory and special damages against the defendants and each of them jointly and severally in a sum in excess of $250,000;

B.      Punitive damages against the defendants named in their Individual

capacities;

C.      Costs, disbursements, and reasonable attorneys' fees pursuant to 42 U.S.C.

§ 1988;

D.      Interest on the aforementioned judgments; and

E.      Such other and further relief as this Court may deem just and proper.

Dated: Buffalo, New York
      June 3, 2011

Matthew A. Parham
Law Offices of Matthew A. Parham
70 Niagara Street, Suite 210
Buffalo, New York  14202
(716) 218-8876
matthew@matthewparhamlaw.com

*Attorneys for Plaintiff Santhony Thigpen*

## **VERIFICATION**

| | |
|---|---|
| STATE OF NEW YORK | ) |
| | ) ss: |
| COUNTY OF ERIE | ) |

SANTHONY THIGPEN, being duly sworn, deposes and says:  I am the Plaintiff in this proceeding.  I have read the above Complaint and Demand for Jury Trial.  As to those matters therein concerning me personally, the contents are true to my own knowledge.  All other matters are stated on information and belief, and I do believe them to be true.

Santhony Thigpen

Sworn to before me this
3rd day of June, 2011

Notary Public

MATTHEW ALAN PARHAM
NOTARY PUBLIC-STATE OF NEW YORK
No. 02PA6224317
Qualified in Kings County
My Commission Expires June 28, 2014