UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SANTHONY THIGPEN,

Plaintiff,                    **Hon. Hugh B. Scott**

**11CV466A**

v.                                            **Report
&
Recommendation**

COUNTY OF ERIE, et al.,

Defendants.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 11).  The instant matter before the Court is a reconsideration motion of defendants (Docket No. 57) of their motion (Docket No. 34) for summary judgment on qualified immunity grounds.  Responses to this reconsideration motion were due May 2, 2014, with replies due May 9, 2014, and the motion to reconsider was argued on May 27, 2014 (Docket Nos. 56, 59, 60).  Familiarity with prior proceedings (in particular, the defense summary judgment motion and its disposition) is presumed.

In support of their motion, defendants submitted their attorney's declaration and Memorandum of Law (Docket No. 57); additional briefing on qualified immunity (Docket No. 61), as well as the moving papers for their earlier motion for summary judgment (Docket Nos. 34, 36).  In opposition, plaintiff submits his opposing Memorandum (Docket No. 58); his

supplemental opposing Memorandum on the qualified immunity defense (Docket No. 62), as

well as his opposing papers to the earlier dispositive motion (Docket Nos. 39-42).

## BACKGROUND

This Court issued a Report & Recommendation on defendants' summary judgment

motion (Docket No. 43) which recommended granting defendants' motion on the lack of proof

of a constitutional violation.  The Report, while stating that there was a clearly established

standard to not use excessive force against detainees (id. at 21, 16 n.3), Rodriguez v. Phillips,

66 F.3d 470, 476 (2d Cir. 1995), this Court found that it need not invoke qualified immunity

because no constitutional violation was found (id. at 21).  Judge Arcara, on March 26, 2014,

issued an Order rejecting the Report, finding that issues of fact exist whether force here was

applied maliciously to cause plaintiff harm and whether the claimed injuries were de minimis

(Docket No. 51, Order, at 1).  Judge Arcara did not address defendants' qualified immunity

defense.

Defendants then moved for reconsideration under Rule 59(e), arguing that, given Judge

Arcara's decision, the issue of defendants' qualified immunity was not considered by this Court

(see Docket No. 57).  Plaintiff disputes whether the force applied upon him was minimal and that

he alleged a constitutional violation in the force applied to him (Docket No. 58).  As for

reconsideration, plaintiff contends that there was no change in law or fact to warrant

reconsideration and that this Court found (alternatively) that defendants should not receive

qualified immunity (id. at 3, 2, citing Docket No. 43, Report).

During oral argument on May 27, 2014, defendants claimed that this Court did not

consider qualified immunity and their motion should be granted to allow for that consideration,

while plaintiff argued that this Court's Report & Recommendation addressed (and rejected) qualified immunity, concluding that the two-part test for that immunity was not met. This Court then gave the parties the opportunity to supplement their briefing on qualified immunity (Docket No. 60).

Defendants argue that plaintiff started the incident in the visitors' room, leading to the use of force at issue here, and they conclude that the force applied was "objectively reasonable" (Docket No. 61, Defs. Supp'al Memo. at fourth unnumbered page). They point out that plaintiff was convicted for assaulting defendant Deputy Ganci from this incident (id. at fifth unnumbered page) and that other deputies responded to the incident and acted professionally (id.). They dispute how plaintiff was treated while awaiting treatment going to and in the infirmary (id.). Defendants cite after action reviews by the Sheriff's Department's Professional Standards Division and the State Commission of Corrections, in which both found no issue with defendants' actions (id. at fifth and sixth unnumbered pages). Defendants also cite video recordings of plaintiff and his interactions with defendants from the visitors' room incident as evidence of the reasonableness of the use of force during this incident (id. at seventh to ninth unnumbered pages; Docket No. 34, Ex. C).

Plaintiff objects to defendants reversing the presumptions on a motion for summary judgment to assert evidentiary inferences in their favor (rather than in favor of the nonmovant, plaintiff), and reject defendants' conclusion that the force used was such that they are entitled to qualified immunity (Docket No. 62, Pl. Memo. at 1). Plaintiff concludes that the beating and torture he endured violated his constitutional rights and no reasonable officer could believe that those acts would be permissible. Pretrial detainees enjoy the right to not endure excessive force,

3

a right acknowledged at least since 1999, <u>United States v. Walsh</u>, 194 F.3d 37, 48 (2d Cir. 1999)

(<u>id.</u> at 2); <u>see also</u> <u>Rodriguez</u>, <u>supra</u>, 66 F.3d at 476 (2d Cir. 1995).  Plaintiff claims that

gratuitous use of force was applied to him and defendants thus should not enjoy qualified

immunity (<u>id.</u> at 2-3).  He alleges three separate uses of excessive force—in the visitors' room, in

the elevator, and in the infirmary (<u>id.</u> at 4-5).  Defendants' denials of plaintiff's allegations are

not pertinent to this motion because the Court's role here is not to resolve fact disputes (<u>id.</u> at 5-

6), <u>see</u> <u>Oliveira v. Mayer</u>, 23 F.3d 642, 649 (2d Cir. 1994) (if facts are disputed in issue of

qualified immunity that is issue for jury to resolve).  Plaintiff also points out that defendant Erie

County cannot enjoy qualified immunity, although it appears that the County joins the individual

defendants' motion for that relief (<u>id.</u> at 1 n.1), <u>Owen v. City of Independence</u>, 445 U.S. 622, 638

(1980).

## DISCUSSION

I.     Applicable Standards

A.     Reconsideration

Defendants invoke Rule 59(e) as the basis for reconsideration (Docket No. 57).  That rule

sets forth the deadline for a motion to alter or amend a judgment.  For a motion for a new trial or

to amend a judgment under Rule 59, this Court has the power to avoid a miscarriage of justice

and may order a new trial when deemed in the interests of justice to do so, 11 Charles A. Wright,

Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2803, at 45 (Civil 2d

1995).  "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept

into the record or that substantial justice has not been done, and the burden of showing harmful

error rests on the party seeking the new trial," <u>id.</u> at 46-47.  The motion for a new trial is subject

to this Court's sound discretion, id. at 47-48.  Any error of law prejudicial to movants is a ground

for a new trial, id., § 2805, at 55.  While no formal guidelines exist for reconsideration, a

judgment under this Rule may be altered or amended to prevent manifest injustice, to correct

errors of fact or law, to factor in the availability of new evidence, or consider an intervening

change in the law, see Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255

(2d Cir. 1992).  This Court has the discretion regarding a motion to amend or alter a judgment

under Rule 59(e), 11 Wright, Miller & Kane, supra, § 2810.1, at 124, but reconsideration of a

judgment after its entry is an extraordinary remedy that should be used sparingly, id.  A motion

to amend or alter may be used to correct manifest errors of law or fact upon which the judgment

is based, id. at 125, or to prevent manifest injustice, id. at 126.  Other grounds include newly

discovered, but previously unavailable, evidence and intervening change in the controlling law,

id. at 126, 127.  Rule 59(e) is not to be used to relitigate old matters or raise arguments and

present evidence that could have been raised before judgment was entered, id. at 127-28.

Technically, no judgment has been entered yet; defendants seek reconsideration of their

qualified immunity arguments in their motion for summary judgment.  As noted above, this

Court noted, but did not recommend a decision, on those arguments and Judge Arcara, in

denying summary judgment, did not address qualified immunity.  Thus, this motion is better

addressed under Rule 60, which allows this Court to grant relief from any judgment or interim

Order.  That rule allows this Court to correct a clerical mistake, Fed. R. Civ. P. 60(a), or grant

relief for a mistake, inadvertence, surprise, or excusable neglect, id., R. 60(b)(1), for newly

discovered evidence, R. 60(b)(2), or any other reason that justified relief, R. 60(b)(6), among

other stated grounds (not applicable to this case).  A motion under Rule 60(b) is addressed to the

discretion of this Court, 11  Charles A. Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2857, at 254 (Civil 2d ed. 1995).  As this Court noted "the decision whether to grant or deny a motion to reconsider lies in this Court's discretion . . . . Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision," or "to give the unhappy litigant one additional chance to sway the judge," <u>1199 SEIU Pension Fund v. Eastern Niagara Hosp.</u>, No. 13CV323, 2013 U.S. Dist. LEXIS 144047, at *2-3 (W.D.N.Y. Oct. 4, 2013) (McCarthy, Mag. J.) (quoting <u>United States v. Kasper</u>, No. 10CR318, 2012 U.S. Dist. LEXIS 90949, at *2-3 (W.D.N.Y. June 29, 2012) (Skretny, Ch. J.) (citations omitted); <u>see</u> <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 (2d Cir. 1983); <u>Salamon v. Our Lady of Victory Hosp.</u>, 867 F. Supp. 2d 344, 360 (W.D.N.Y. 2012) (Skretny, Ch. J.) (denying reconsideration). This Court also can correct clerical mistakes, oversights, or omissions, Fed. R. Civ. P. 60(a).

 A motion for relief under Rule 60(b) is "generally granted only upon the showing of exceptional circumstances," <u>Mendell v. Gollust</u>, 909 F.2d 724, 731 (2d Cir. 1990), <u>aff'd</u>, 501 U.S. 115 (1991); <u>Salamon</u>, <u>supra</u>, 867 F. Supp. 2d at 360; <u>Tafari v. Stein</u>, No. 01CV821, 2009 U.S. Dist. LEXIS 39453, at *5 (W.D.N.Y. May 8, 2009) (Scott, Mag. J.).  As noted by the United States Court of Appeals for the Second Circuit, "the standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked–matters, in other words, that might reasonably be expected to alter the conclusion reached by the court," <u>Shrader v. CSX Transp.</u>, 70 F.3d 255, 257 (2d Cir. 155).

B.      Qualified Immunity

As previously noted (Docket No. 43, Report at 18), when confronted by a claim of

qualified immunity, one of the first questions for the Court to resolve is whether the facts, taken

in the light most favorable to the party asserting the injury, show the official's conduct violated a

constitutional right.  See Saucier v. Katz, 533 U.S. 194, 201 (2001).  As required by the Saucier

Court, this Court first considered the constitutional question, then considered the qualified

immunity question, id.  But the Supreme Court in Pearson v. Callahan, 555 U.S. 223, 236 (2009),

overruled Saucier in requiring courts to first determine whether a constitutional violation

occurred before considering whether defendants enjoy qualified immunity.  Instead, district

courts determine in each case whether to consider first the question of immunity or whether a

constitutional violation has occurred, id. at 231-32.  Qualified immunity shields the defendant

from the burdens of litigation or standing trial, Loria v. Gorman, 306 F.3d 1271, 1281 (2d Cir.

2002) (quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)).

Qualified immunity against an excessive force claim "converge on one question:

Whether in the particular circumstances faced by the officer, a reasonable officer would believe

that the force employed would be lawful," Cowan ex rel. Estate of Cooper v. Breen, 352 F.3d

756, 764 n.6 (2d Cir. 2003); see Richardson v. Providence, No. 09-CV-4647, 2011 WL 3701887,

at *7 (E.D.N.Y. Aug. 22, 2011); Lemmo v. McKoy, No. 08-CV-4264, 2011 WL 843974, at *8

(E.D.N.Y. Mar. 8, 2011) (Docket No. 61, Defs. Supp'al Memo. at fourth unnumbered page).

Qualified immunity here is raised within defendants' motion for summary judgment

(Docket No. 43, Report at 11-13 (summary judgment standards)).  For entitlement to summary

judgment holding that defendants should enjoy qualified immunity, defendants need to show,

7

looking at the evidence in the light most favorable to plaintiff, that no trier of fact could conclude that an objectively reasonable officer would have known that his actions were unconstitutional, see Lennon v. Miller, 66 F.3d 416, 420-21 (2d Cir. 1995); Robison v. Via, 821 F.2d 913, 921 (2d Cir. 1987) (Docket No. 62, Pl. Supp'al Memo. at 2).  Here, Judge Arcara held that issues of fact exist as to whether plaintiff's rights were violated.

Government officials performing discretionary functions generally are shielded by qualified immunity from liability in their individual capacities, see Frank v. Reilin, 1 F.3d 1317, 1327 (2d Cir. 1993), "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  "If it was objectively reasonable for the defendant to believe that his act did not violate the plaintiff's constitutional rights, the defendant may nevertheless be entitled to qualified immunity." Anderson v. Creighton, 483 U.S. 635, 641 (1987); Lowth v. Town of Cheektowaga, 82 F.3d 563, 568-69 (2d Cir. 1996); Lennon, supra, 66 F.3d at 420  (Docket No. 61, Defs. Supp'al Memo. at fourth unnumbered page).

II.    Application

    A.    Reconsideration

Judge Arcara's decision finding that issues of fact exist as to whether plaintiff suffered a constitutional violation (Docket No. 51) is a change in fact that warrants reconsideration of defendants' motion for summary judgment on the grounds of qualified immunity.  Since this Court had found (but now has been reversed) that no violation had occurred, it did not also recognize that defendants enjoyed qualified immunity.

8

B.    Qualified Immunity

The sole legal issue regarding qualified immunity is whether it was objectively reasonable for defendants to believe that their actions in using force upon plaintiff did not violate plaintiff's constitutional rights.  The same issues of fact acknowledged by Judge Arcara, and other issues on how the incidents occurred, preclude summary judgment on whether defendants are entitled to qualified immunity.  For example, defendants contend that plaintiff hit Deputy Ganci first, leading to defendants restraining plaintiff and using such force to restrain him; plaintiff however denies striking Ganci (compare Docket No. 34, Defs. Statement ¶¶ 41-42 with Docket No. 39, Pl. Counterstatement ¶¶ 41-42).  Defendants contend that plaintiff was made to kneel while waiting to enter the infirmary; plaintiff claims that a deputy placed downward pressure on his feet while he kneeled, causing pain on his shins (compare Docket No. 34, Defs. Statement ¶ 60 with Docket No. 39, Pl. Counterstatement ¶ 60).  Defendants argue that the videotape did not show any excessive force was used, while plaintiff disagrees and claims that the same videotape shows his version of the facts of the incident (compare Docket No. 34, Defs. Statement ¶ 62 with Docket No. 39, Pl. Counterstatement ¶ 62).  Essentially, was plaintiff gratuitously assaulted during this incident?  Was the force applied to plaintiff excessive (if applied at all)?  Thus, key facts of the incident are in dispute and cannot be resolved in a summary judgment motion even to answer the legal question whether defendants are entitled to qualified immunity.

As a summary judgment motion, this Court must examine the evidence in the light most favorable to the nonmovant (here plaintiff), Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003) (Docket No. 43, Report at 11-12).  In light of this, despite defendants' characterization of the

evidence and plaintiff's characterization of what occurred to him, there are issues of fact that preclude deciding whether qualified immunity applies here.

## CONCLUSION

Based upon the above, defendants' motion to reconsider summary judgment upon qualified immunity grounds (Docket No. 57) **is granted** and it is recommended that their motion for summary judgment on the merits of defendants' claim to qualified immunity (Docket No. 34) should be **denied**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on <u>de novo</u> review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  <u>See</u> <u>Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co.</u>, 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
July 2, 2014

11