UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SANTHONY THIGPEN,

               Plaintiff,

     v.

COUNTY OF ERIE, et al.,

               Defendants.

DECISION
AND
ORDER

11-CV-466V

---

       The Court (Hon. Richard J. Arcara) referred this case to United States Magistrate Judge Hugh B. Scott for all pretrial matters, including those that a magistrate judge may hear and determine, *see* 28 U.S.C. § 636(b)(1)(A), and those that a magistrate judge may hear and thereafter file a report and recommendation, *see* 28 U.S.C. § 636(b)(1)(B).  Docket Item 11.

       The plaintiff commenced this action under 42 U.S.C. § 1983, alleging that the defendants violated his civil rights by using excessive force on him while he was detained at the Erie County Holding Center.  *See* Docket Item 1.  The defendants moved for summary judgment on January 15, 2013, arguing, among other things, that they were entitled to summary judgment because the plaintiff did not satisfy his burden of establishing an excessive force claim.  *See* Docket Item 34 at 4.  Alternatively, the individually-named defendants argued that they were entitled to summary judgment because they were protected by qualified immunity.  *See id.* at 11.  The plaintiff opposed the defendants' motion.  *See* Docket Items 39-42.

1

Magistrate Judge Scott then issued a Report and Recommendation in which he recommended granting summary judgment for the defendants.  Docket Item 43.  But Judge Arcara declined to adopt that Report and Recommendation, finding that a "material question[] of fact[] remain[ed] whether force was applied maliciously to plaintiff to cause harm[]," and he sent the matter back to Judge Scott for further pretrial proceedings.  Docket Item 51.  The individually-named defendants asked Judge Scott to reconsider the qualified immunity defense they raised in their initial summary judgment motion, and Judge Scott granted their request.  *See* Docket Items 56, 57.

The defendants then moved for summary judgment a second time – this time on qualified immunity grounds, *see* Docket Item 61, and the plaintiff again opposed the motion, *see* Docket Item 62.  Judge Scott issued a Report and Recommendation, this time recommending that summary judgment be denied.  *See* Docket Item 63.  After the defendants objected to Judge Scott's Report and Recommendation and the plaintiff responded, *see* Docket Items 64, 65, this case was transferred to the undersigned.  Docket Item 66.  And on April 14, 2016, this Court heard oral argument on the defendants' objections to the Report and Recommendation.  *See* Docket Item 71.

A district court may accept, reject, or modify, in whole or in part, the findings or recommendation of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  In doing so, the district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which an objection is raised.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has reviewed Judge Scott's Report and Recommendation *de novo*.  The Court has read and considered the defendants' objections, as well as the plaintiff's

2

reply and response to the objections.  Based on that review and on the oral argument, the Court adopts Judge Scott's recommendation and denies the defendants' motion for summary judgment on qualified immunity grounds.

Summary judgment based on qualified immunity for a government official is appropriate "if the court determine[s] that the only conclusion a rational jury could reach is that reasonable officers would disagree about the legality of the defendants' conduct under the circumstances."  *Lennon v. Miller*, 66 F.3d 416, 420-21 (2d Cir. 1995).  On the other hand, if "any reasonable trier of fact could find that the defendants' actions were objectively unreasonable, then the defendants are not entitled to summary judgment."  *Id.* at 420.  In other words, "*if there is no dispute about the material facts*, the district court should assess the reasonableness of the defendants' conduct under the circumstances presented in order to determine on summary judgment whether the defendants are entitled to qualified immunity."  *Id.* at 421 (emphasis added); *see also Warren v. Dwyer*, 908 F.3d 70, 76 (2d Cir. 1990) (explaining that "in a case where the factual record is not in serious dispute," the court should decide qualified immunity as a matter of law, but where "there are unresolved factual issues which prevent an early disposition of the defense, the jury should decide these issues").

A court assessing qualified immunity in the context of a summary judgment motion must "draw[] inferences in favor of the nonmovant" and "may not resolve genuine disputes of fact in favor of the party seeking summary judgment."  *Tolan v. Cotton*, -- U.S. --, 134 S. Ct. 1861, 1866 (2014).

Here, summary judgment based on qualified immunity is inappropriate because there remains a dispute about material facts.  Indeed, when he denied the defendants'

first motion for summary judgment, Judge Arcara explicitly found that there was a question of fact about whether the defendants used excessive force on the plaintiff. *See* Docket Item 51 at 1.  Where, as here, there is a dramatic difference between the plaintiff's and the defendants' versions of the facts, the excessive force determination that is part of the constitutional violation analysis and the reasonableness determination that is part of the qualified immunity analysis are intertwined.  Considering Judge Arcara's prior determination that there is an issue of fact regarding excessive force, and – as it must – drawing inferences in the plaintiff's favor, this Court finds that there also is an issue of fact about whether the defendants' actions were reasonable.  Stated another way, for the same reason that there is a question of fact regarding whether the force used was excessive, there is a question of fact about whether "the defendants' actions were objectively unreasonable."  *See Lennon*, 66 F.3d at 420.  Summary judgment based on qualified immunity therefore is inappropriate.

For the reasons stated above and in the Report and Recommendation, the defendants' motion for summary judgment on qualified immunity grounds (Docket Item 61) is DENIED.

IT IS SO ORDERED.


Dated: May 3, 2016
       Buffalo, New York

                                  *s/Lawrence J. Vilardo*
                                  LAWRENCE J. VILARDO
                                  UNITED STATES DISTRICT JUDGE